Belknap,
Dec., 1898.

CHASE, *Adm'r*, *v.* PITMAN & *a*.

A defaulted defendant is a competent witness for his codefendant, although he has an interest in the event of the suit, and the plaintiff is an administrator who does not elect to testify.

The testimony of a husband is admissible in a suit against his wife, subject to exclusion on the grounds specified in P. S., c. 224, s. 20.

ASSUMPSIT, on a joint and several promissory note payable to the plaintiff's intestate and signed by the defendants, who are husband and wife. The husband was defaulted, and the wife defended on the ground that the note was in fact the husband's and she was surety for him. Upon a trial by jury the husband's testimony, offered by the wife, was excluded subject to exceptions. There was a verdict for the plaintiff.

*Frank M. Beckford*, for the plaintiff.

*Walter S. Peaslee*, for the defendants.

CHASE, J. As the law was before the passage of the act of June 27, 1857 (Laws 1857, c. 1952; P. S., c. 224, s. 13), removing the incompetency of testimony occasioned by the interest of the witness in the event of the suit, a principal upon a joint and several promissory note, who became defaulted in an action against him and a surety, was a competent witness for the surety if released from liability to him, and without such release if the surety's defence was personal to him as, for example, infancy. *Blake* v. *Ladd*, 10 N. H. 190; *Essex Bank* v. *Rix*, 10 N. H. 201; *Bowman* v. *Noyes*, 12 N. H. 302, 308, 311; *Morse* v. *Green*, 13 N. H. 32; *Manchester Bank* v. *Moore*, 19 N. H. 564; *Bean* v. *Walker*, 38 N. H. 359. The mere fact that the principal was a party to the record did not disqualify him as a witness. *Jackson* v. *Barron*, 37 N. H. 494. The act of 1857 removed the disqualification of interest, so that a defaulted principal may now testify even if he has an interest in the event of the suit. P. S., c. 224, s. 13.

In this case, the real parties to the issue tried by the jury were the administrator of the deceased payee of the note, and the wife. The husband not being a party, the provision of s. 16, c. 224, P. S., prohibiting a party from testifying when the other party is an administrator unless the latter elects to testify, has no application. His competency as a witness was no more affected by the statute than it would have been if the action had been against the wife alone upon her several promise.

But at common law husband and wife were disqualified to testify for or against each other, on grounds of public policy as well as because of the interest which each has in the affairs of the other. The danger of causing dissensions between them and occasioning perjury, if they were allowed to testify, was one and an important reason for the rule. *Kelley* v. *Proctor,* 41 N. H. 139; *Smith* v. *Railroad,* 44 N. H. 325, 334; *Young* v. *Gilman,* 46 N. H. 484. The statute has also removed this disqualification in part, at least, by providing that " husband and wife are competent witnesses for or against each other in all cases civil and criminal, except that neither shall be allowed to testify as to any statement, conversation, letter, or other communication made to the other or to another person, nor as to any matter which in the opinion of the court would lead to a violation of marital confidence." P. S., *c.* 224, *s.* 20. It does not appear that the testimony of the witness in this case was excluded, or would have been objectionable, on either of the grounds mentioned in the exception in this statute. It seems probable that he might have given testimony bearing upon the issue without going outside the prescribed limits of competency. He should have been allowed to testify to this extent.

*Exception sustained : verdict set aside.*

BLODGETT, C. J., did not sit : the others concurred.